# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | |
|---|---|
| **VILLAGE OF BONDVILLE,**  **Plaintiff,**  v.  **WINDSTREAM CORPORATION, PAETEC HOLDING CORPORATION, MCLEOD USA, LLC, and MCLEOD TELECOMMUNICATIONS, LLC,**  **Defendants.** | Case No. 13-2078 |

## REPORT AND RECOMMENDATION

Plaintiff Village of Bondville brings trespass claims under Illinois law against Windstream Corporation ("Windstream"), PAETEC Holding Corporation ("PAETEC"), McLeod USA, LLC ("McLeod"), and McLeod Telecommunications, LLC ("McLeod Telecom") arising out of the placement of a fiber optic cable line across an easement owned by Plaintiff. In March 2013, Plaintiff filed a Complaint (#1-1) in Illinois State Court against Windstream alleging Intentional Trespass and simple Trespass stemming from the presence of this fiber optic line. Windstream removed the case to federal court (#1). Subsequently, Plaintiff filed its Amended Complaint (#24), which contained 2 additional counts and the 3 remaining Defendants. Jurisdiction is proper because Plaintiff is an Illinois municipality and Defendants are citizens of Delaware, Arkansas, Iowa, and New York and because the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

In December 2013, Defendants filed a Motion to Dismiss Count III and Count IV for Failure to State a Claim, Motion to Strike or, in the Alternative, Motion for More Definite Statement (#27) pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(f), and 12(e). In January 2014, Plaintiff Village of Bondville responded (#29) in opposition. For the reasons outlined below, this Court recommends that Defendants' Motion (**#27**) be **GRANTED**, but that Plaintiff be given leave to replead as desired.

## I. Background

The Court takes the following background from the Amended Complaint (#24), accepting all well-pleaded allegations as true. *See AnchorBank, FSB v. Hoefer*, 649 F.3d 610, 614 (7th Cir. 2011). At some point prior to 2007, one of the Defendants installed a subterranean fiber optic line under land for which it held no easement. In 2007, PAETEC acquired McLeod and McLeod Telecom, which continue to operate as subsidiaries of PAETEC. Also in 2007, Plaintiff acquired and properly recorded various easements for the installation of a new sanitary septic system, including an easement over land through which the fiber optic line passed. In 2011, Windstream acquired PAETEC and its subsidiaries. The presence of the fiber optic line interfered with Plaintiff's construction of the sanitary system. Despite notice of this issue to one or all of the Defendants, the line was not moved, and Plaintiff incurred significant damages as a result.

Counts 1 and 2 seek relief against only Windstream. However, in those counts, Plaintiff alleges that Windstream "acquired PAETEC Holding Corporation and various facilities owned by it," including the fiber optic line in question. Plaintiff then goes on to refer to these parties jointly as "Windstream" and makes all further allegations in Counts 1 and 2 against "Windstream," presumably referring to Windstream Corporation, PAETEC Holding Corporation, and "various facilities owned by" PAETEC.[1] Counts 3 and 4 name all four Defendants and allege that Windstream owns the other three Defendants. They allege that Windstream installed the offending fiber optic line, that Windstream has represented at different points that the line is owned by McLeod and McLeod Telecom, and that Windstream has failed to move the line despite requests to do so. However, the term "Windstream" is not defined in Counts 3 and 4 to include any other defendants.

Defendants' Motion seeks dismissal of Counts 3 and 4 as against PAETEC, McLeod, and McLeod Telecom pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief against these Defendants. It also seeks to strike Counts 3 and 4 with respect to Windstream pursuant to Rule 12(f), arguing that they are redundant of Counts 1 and 2,

---

[1] In the interest of clarity, this opinion will continue to use "Windstream" to refer solely to Defendant Windstream Corporation, unless otherwise noted.

respectively. In the alternative, Defendants ask pursuant to Rule 12(e) for a more definite statement to allow Defendants to prepare a more appropriate responsive pleading to the Amended Complaint.

## II. Motion to Dismiss

Defendants PAETEC, McLeod, and McLeod Telecom seek dismissal of Counts 3 and 4 of Plaintiff's Amended Complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss for failure to state a claim serves to test the sufficiency of the complaint, not to decide the merits of the case. *See AnchorBank*, 649 F.3d at 614; *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss, the complaint need only contain sufficient factual allegations to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, the allegations in the complaint must, one, be detailed enough to "give the defendant 'fair notice of what the claim is and the grounds upon which it rests,'" and, two, "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 554, 555) (alteration omitted).

In considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations in the pleadings. *See Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012). The Court must evaluate the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor. *AnchorBank*, 649 F.3d at 614. Importantly, however, the Court does not accept as true mere legal conclusions, unsupported by factual allegations, or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

Defendants PAETEC, McLeod, and McLeod Telecom argue that Counts 3 and 4 should be dismissed as against them because Plaintiff has failed to allege an invasion of property by any of these defendants. "To prevail on a trespass claim under Illinois law, a plaintiff must plead and prove negligent or intentional conduct by the defendant which has resulted in an intrusion on the

plaintiff's interest in exclusive possession of land." *Village of DePue, Ill. v. Viacom Int'l., Inc.*, 632 F. Supp. 2d 854, 865 (C.D. Ill. 2009) (citing *Porter v. Urbana-Champaign Sanitary Dis.*, 237 Ill. App. 3d 296, 303 (4th Dist. 1992)). Defendants here note that the allegations in Counts 3 and 4 only contemplate such intrusion as having been accomplished by Windstream. There are no allegations related to any conduct of any of the other three Defendants. Plaintiff, in its reply, argues that Counts 1 and 2 assert that "all Defendants (who are corporately affiliated) share liability for the trespasses," and Counts 3 and 4 "aver that Defendant Windstream possesses successor liability for the trespasses of Defendants PAETEC and McLeod." However, Plaintiff has named all four Defendants in Counts 3 and 4, and only Windstream in Counts 1 and 2. While Counts 1 and 2 arguably make allegations against all four Defendants with respect to the placement of the fiber optic line in question, Counts 3 and 4 do not. While this Court can appreciate Plaintiff's stated intention, the Amended Complaint does not, in fact, ask for a judgment of joint liability against all Defendants, nor do Counts 3 and 4 state a claim for successor liability, given that all acts in Counts 3 and 4 are alleged to have been committed by Defendant Windstream.

While the Court can appreciate that Plaintiff may not have all the information necessary to determine where liability lies with certainty, any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Additionally, the Court must construe pleadings "so as to do justice." FED. R. CIV. P. 8(e). As they stand, Counts 3 and 4 do not make any allegations of trespass against Defendants PAETEC, McLeod, or McLeod Telecom. Because they are not named in Counts 1 and 2, these Defendants are not under an obligation to respond to the allegations contained therein. Defendants must be afforded adequate notice of the allegations against them and an opportunity to respond thereto. In its current form, the Amended Complaint fails to provide such notice and opportunity to respond. Therefore, this Court recommends that the Motion to Dismiss Counts 3 and 4 against Defendants PAETEC, McLeod, and McLeod Telecom be GRANTED but that Plaintiff be given leave to replead to more clearly present its claims for relief.

### III. Motion to Strike

Windstream has moved to strike Counts 3 and 4 of the Amended Complaint as they pertain to it, arguing that they are redundant of Counts 1 and 2. In response, Plaintiff argues that Counts 3 and 4 allege successor liability and, therefore, are not redundant.

Federal Rule of Civil Procedure 12(f) provides that the Court, on a party's motion, "may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions to strike are ordinarily disfavored because they often function only to delay resolution of a case, but "where … motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

As explained above, Counts 3 and 4 fail to allege any trespass by the other three Defendants and only allege that trespassory actions were taken by Defendant Windstream. Therefore, there is no basis for successor liability alleged in Counts 3 and 4, and they do become redundant of Counts 1 and 2, which allege trespass against Windstream. Therefore, this Court recommends that the Motion to Strike Counts 3 and 4 against Windstream be GRANTED, but that Plaintiff be given leave to replead.

### IV. Conclusion

For these reasons, the Court recommends that Defendants' Motion to Dismiss Count III and Count IV for Failure to State a Claim, Motion to Strike or, in the Alternative, Motion for More Definite Statement (**#27**) be **GRANTED**, and that Plaintiff be given leave to replead or further amend the Amended Complaint. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) days after being

served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 6th day of June, 2014.

                                                         s/DAVID G. BERNTHAL
                                     UNITED STATES MAGISTRATE JUDGE